UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DENISE A. FULLER,
*on behalf of deceased Briana D. Fuller-Carter,*

        Plaintiff,

  v.

                                      Case No. 23-cv-1307-pp

DR. J. PATEL, NURSE ASHLEY,
FROEDTERT HOSPITAL
and MEDICAL COLLEGE OF WISCONSIN,

        Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DENYING AS MOOT DEFENDANT FROEDTERT HOSPITAL'S MOTION TO DISMISS (DKT. NO. 8) AND SETTING DEADLINE FOR PLAINTIFF TO RETAIN COUNSEL AND FILE AMENDED COMPLAINT**

---

The plaintiff, who is not represented by a lawyer, filed a complaint on behalf of decedent Briana D. Fuller-Carter. Dkt. No. 1. The plaintiff simultaneously filed a motion to proceed without prepaying the filing fee. Dkt. No. 2. The complaint alleges that Briana received substandard care from the defendants, who left the decedent unattended, didn't respond to calls and allowed "bruises, lacerations and injuries" to the decedent's face, torso and lower stomach. Dkt. No. 1 at 3. It alleges that the decedent was disabled and Black. Id. The plaintiff seeks "an award of money for misconduct of not abaying [sic] policy their oath procedures violating civil and disability rights." Id. at 4. The plaintiff asks the court to enter an order restraining staff to "stop 18 U.S.C.

1

section 241," "monitor the activity of the staff" and "enforce universal precaution not to violate HIPPA." Id.

I.      **Plaintiff's Ability to Pay the Filing Fee**

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff is able to pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The plaintiff's request to proceed without prepaying the fee says that she is not married, not employed and has no dependents. Dkt. No. 2 at 1. It asserts that the plaintiff's source of income is her adult children, but she does not state how much she receives from her children. Id. at 2. The plaintiff lists a monthly mortgage payment of $380, a monthly car payment of $801.25 and credit card payments of $530 per month; next to "Other household expenses," she wrote, "$6,727.00 grand total behind." Id. She states that her total monthly expenses total $2,422.00. Id. at 3. She has a 2017 Mercedes valued at $35,000, says that her home is worth $65,000 and reports that she has only $25,000 in equity in that home. Id. The plaintiff reports having no cash, checking, savings or similar accounts. Id. She reports having $13,000 in other property of value. Id. at 4. The plaintiff explains that she was fully employed by the decedent through "Iris"—presumably the Wisconsin Department of Health Services'

2

"Include, Respect, I Self-Direct" program for adults with disabilities and the elderly[1]—and that she now has lost that job and her ability to pay her bills. Id.

The court concludes that the plaintiff is not able to pre-pay the filing fee, given the financial circumstances she describes. The plaintiff should be aware, however, that even when the court grants a plaintiff's motion for leave to proceed without prepaying the filing fee, the plaintiff still is responsible for paying the filing fee over time. See Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without prepayment of fees,' but not without ever paying fees."). When a court grants a motion allowing a plaintiff to proceed without prepaying the filing fee, it means only that the person does not have to pay the full filing fee up front; the person still owes the filing fee.

**II.     Screening**

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that she is entitled to relief. Federal Rule of Civil Procedure 8(a)(2). A plaintiff is not required to plead every fact supporting her claims; she

---

[1] IRIS allows qualifying individuals to act as an employer to the persons she hires to help her be self-reliant. https://www.dhs.wisconsin.gov/iris/index.htm.

3

Case 2:23-cv-01307-PP   Filed 01/08/24   Page 3 of 9   Document 12

needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. Because the plaintiff is representing herself, the court must liberally construe the allegations of her complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

### III. Facts Alleged in the Complaint

The plaintiff has sued Dr. J. Patel, Nurse Ashely and Froedtert Hospital/the Medical College of Wisconsin. Dkt. No. 1 at 1. The plaintiff reports that she lives at 3810 North 18th Street in Milwaukee, and that the defendants are residents of Wisconsin. Id. at 1-2. In the caption, the plaintiff identifies herself as the legal guardian of Briana D. Fuller-Carter, who now is deceased. Id. at 1.

The plaintiff alleges that Dr. J. Patel

> caused fluid over load, diened [sic] asked services, DNR againt [sic] guardian request didn't provide one on one supervision. Committed conflict of interest. Expressed Briana life was not worth saving.

Id. at 2. The plaintiff accuses Nurse Ashely of leaving Briana unattended on dialysis. Id. She alleges that the machine stopped circulating and alarmed; the plaintiff says that she called Nurse Ashely's phone two times but Ashely did not answer. Id. at 2-3. The plaintiff alleges that she then called the nursing station twice, and was informed that Nurse Ashely was with another patient; the plaintiff says she told the nurse's station that the dialysis machine was alarming, but it took Nurse Ashely seventeen minutes to return. Id. at 2-3. The

4

plaintiff alleges that Ashely restarted the machine against standard protocols and procedures. Id. at 3. She says that the next morning, "the acess [sic] had to be replaced," but that the plaintiff was not informed and did not consent. Id. She says that "[t]hey" started testing for "DVT"—presumably deep vein thrombosis—but that the plaintiff still was not informed. Id. She says that she videoed the incident, and that Froedtert Hospital & Medical College of Wisconsin "allowed bruises, lacerations and injuries to Briana face, torso, lower stomach." Id.

The plaintiff alleges that all of this happened at Froedtert Hospital/The Medical College of Wisconsin from September 13, 2021 to October 3, 2021. Id. She says that Briana was disabled and "Afro American." Id. The plaintiff asserts that several complaints were filed "and they had be3en informed that letters had been wrote to politicians." Id. The plaintiff says that the family "was made aware that her [Briana's] life was not worth saving." Id. The plaintiff marked the box under "Jurisdiction" stating that she was suing for a violation of federal law. Id. at 4.

The plaintiff seeks money "for misconduct of not abaying [sic] policy their oath procedures violating civil and disability rights." Id. She asks the court to retrain staff to "stop 18 USC section 241," to monitor the activity of the staff better and to enforce "universal precaution not to violate HIPPA." Id.

**IV. Analysis**

It does not appear that the plaintiff—Denise A. Fuller—is a lawyer. That means that she cannot represent the decedent (Brianna D. Fuller-Carter).

Federal law does not allow non-attorneys to represent litigants in federal court. Under 28 U.S.C. §1654, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct cases therein." See also Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."); see also Georgakis v. Ill. State Univ., 722 F.3d 1075, 1077 (7th Cir. 2013) ("A nonlawyer can't handle a case on behalf of anyone except himself.") (citing 28 U.S.C. §1654). Even a power of attorney does not authorize a non-lawyer to practice law or represent someone in federal court. Johnson v. Bank One N.A., 90 F. App'x 956, 957 (7th Cir. 2004).

The caption indicates that the plaintiff may have been Briana's legal guardian. In Wisconsin, an individual must petition the court to become a legal guardian. Wis. Stat. §54 *et seq.* Generally, the guardianship of a person terminates when the ward dies. Wis. Stat. §54.64(3)(e). Rule 17(c) of the Federal Rules of Civil Procedure allows a guardian to sue on behalf of an incompetent person, but it does not authorize a guardian to serve as a legal counsel for the decedent's estate. Moreover, Rule 17(c) addresses capacity to sue whereas 28 U.S.C. §1654 addresses the right to proceed *pro se.*

The plaintiff may represent *herself*, but her suit faces hurdles. This federal court—which has very limited jurisdiction—does not have diversity jurisdiction (which, under 28 U.S.C. §1332, requires the parties to be citizens

of different states). The plaintiff and at least some of the defendants reside in Wisconsin, so there is no diversity. Federal question jurisdiction (the box the plaintiff marked on the complaint) requires the plaintiff to state a claim under the Constitution, federal statutes or federal law. 28 U.S.C. §1331. The plaintiff has not stated actionable claims under any federal law.

The plaintiff references 18 U.S.C. §241, HIPAA and violations of race and disability rights. Section 841 of Title 18 is a federal *criminal* statute prohibiting people from conspiring to violate someone's civil rights. That *criminal* statute does not create a private right of action for the plaintiff or Briana. Chicago Title & Land Trust Co. v. Rabin, Case No. 11-cv-425, 2012 WL 266387. *5 (N.D. Ill. Jan. 30, 2012). Only the government may prosecute criminal statutes—the United States Attorney's Office or the District Attorney's Office. Nor does HIPAA (the Health Insurance Portability and Accountability Act of 1996) create a private right of action. Stewart v. Parkview Hospital, 940 F.3d 1013, 1015 (7th Cir. 2019) ("We hold now that HIPAA confers no private right of action.").

The plaintiff generally alleges on behalf of Briana that the defendants violated race and disability laws, but she has sued private individuals and private entities—Froedtert, the Medical College, a doctor and a nurse—rather than state employees. If the plaintiff intended to bring a claim for violation of her civil rights (or Briana's) under 42 U.S.C. §1983, she must show that the person or entity who allegedly deprived her of her constitutional rights was a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Perhaps the plaintiff intends to bring a claim under the Americans with Disabilities Act. While Title III of the ADA applies to private entities such as hospitals, see 42 U.S.C. § 12188(a)(1), the only remedy for discrimination provided by Title III is injunctive relief for a plaintiff "who is being subjected to discrimination on the basis of a disability or who has reasonable grounds for believing that such person is about to be subjected to discrimination." See 42 U.S.C. §12188(a)(1); Scherr v. Marriott Int'l, Inc., 703 F.3d 1069, 1076 (7th Cir. 2013). The facts alleged in the complaint suggest that that relief is not available in this case because Briana no longer is being subjected to the alleged discrimination. The Rehabilitation Act, 29 U.S.C. §794, prohibits disability discrimination by entities that receive federal funding but the complaint does not allege that any of the defendants receive federal funding.

Because the Seventh Circuit has explained that a court typically should give the plaintiff an opportunity to amend, see Zimmerman v. Bornick, 25 F.4th 491, 494 (7th Cir. 2022), the court will give the plaintiff an opportunity to find an attorney to represent Briana's estate and to file an amended complaint. If the plaintiff cannot find an attorney to represent Briana's estate, the plaintiff may file an amended complaint on *her own* behalf, but she cannot include Briana as a plaintiff. The court will provide the plaintiff with the court's amended complaint form, which she may use to file an amended complaint in the event that she decides to proceed with the lawsuit on her own behalf only, representing herself.

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **FINDS** that the complaint, as drafted, fails to state a claim. The court **ORDERS** that by the end of the day on **February 9, 2024**, the plaintiff may file an amended complaint on her own behalf, or have the attorney for Brianna's estate file an amended complaint on behalf of that estate, or both. The court **ORDERS** that if it has not received an amended complaint or complaints that comply with this order by the end of the day on **February 9, 2024**, the court will dismiss the case without prejudice.

The court **DENIES AS MOOT** defendant Froedtert Hospital's motion to dismiss. Dkt. No. 8.[2]

Dated in Milwaukee, Wisconsin this 8th day of January, 2024.

BY THE COURT:

_____
HON. PAMELA PEPPER
Chief United States District Judge

---

[2] In any case in which a plaintiff has asked to proceed without prepaying the filing fee, the court must "screen" the complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relieve can be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C §§1915(a), (e). If the court screens a complaint and determines that it states a claim, it will issue an order requiring the relevant defendants to file a responsive pleading.