UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DENISE A. FULLER,

                Plaintiff,

                                    Case No. 23-cv-1307-pp

   v.

DR. J. PATEL, NURSE ASHLEY,
FROEDTERT HOSPITAL
and MEDICAL COLLEGE OF WISCONSIN,

                Defendants.

---

**ORDER SCREENING AMENDED COMPLAINT (DKT. NO. 13), DENYING AS MOOT DEFENDANT FROEDTERT HOSPITAL'S MOTION TO DISMISS (DKT. NO. 16) AND DISMISSING CASE**

---

On October 3, 2023, the plaintiff, who is representing herself, filed a complaint against the defendants regarding treatment Briana D. Fuller-Carter received at Froedtert Hospital. Dkt. No. 1. The plaintiff also filed a motion to proceed without prepaying the filing fee. Dkt. No. 2. Defendant Froedtert Hospital appeared and filed a motion to dismiss the complaint. Dkt. No. 8. On January 8, 2024, the court granted the plaintiff's motion to proceed without prepaying the filing fee but screened the complaint and found that it failed to state a claim for relief; the court denied Froedtert Hospital's motion to dismiss as moot and ordered that by February 9, 2024, the plaintiff must file an amended complaint addressing the deficiencies the court had identified in the order. Dkt. No. 12 at 9.

1

The court received the plaintiff's amended complaint on February 8, 2024. Dkt. No. 13. Four days later, the court received from the plaintiff a second amended complaint, even though she had not asked the court for leave to file a second amended complaint. Dkt. No. 15. On March 1, 2024, defendant Froedtert Hospital filed another motion to dismiss. Dkt. No. 16. The plaintiff has not responded to that motion (although the defendant has not filed a certificate of service showing that it served the motion on the plaintiff). The other defendants—Dr. J. Patel, Nurse Ashley, Nurse Hanson and the Medical College of Wisconsin—have not appeared (and thus far have not been required to do so because the court has not yet allowed the plaintiff to proceed on a screened complaint).

This order screens the amended complaint, dismisses the plaintiff's case for lack of subject-matter jurisdiction and denies as moot defendant Froedtert Hospital's motion to dismiss.

I.    **Background**

A.    The Original Complaint (Dkt. No. 1)

In the original complaint, the plaintiff purported to sue as a legal guardian on behalf of Briana D. Fuller-Carter, who now is deceased. Dkt. No. 1. The complaint alleged that Dr. J. Patel and Nurse Ashley provided insufficient medical care to Briana at Froedtert Hospital, and that the hospital allowed such treatment to occur. Id. at 2–3. The plaintiff alleged that these actions violated 18 U.S.C. §241, HIPAA and race and disability rights. Id. at 4.

2

The plaintiff also asserted that she was bringing claims for a violation of federal law. Id.

In its screening order, the court explained to the plaintiff that as a non-lawyer, she could not bring claims on behalf of another person. Dkt. No. 12 at 5–6. The court also found that her complaint failed to state a claim for relief under the laws the plaintiff had cited. Id. at 7–8. The court advised the plaintiff that 18 U.S.C. §241 is a *criminal* statute that does not private right of action for individuals, and that HIPAA does not create a private right of action. Id. at 7. It explained that if the plaintiff meant to bring a claim for a violation of her civil rights (or Briana's) under 42 U.S.C. §1983, she could do so only if she alleged that the individual who deprived her of her constitutional rights was a person acting under color of state law (which she had not alleged). Id. The court speculated that perhaps the plaintiff meant to bring a claim under the Americans with Disabilities Act; it explained that the complaint did not state a claim under that statute it appeared that Briana no longer was being subjected to the alleged discrimination. Id. at 8. And the court told the plaintiff that the Rehabilitation Act prohibited discrimination against entitles that receive federal funding, but that the complaint had not alleged that any of the defendants received federal funding. Id. The court gave the plaintiff permission to file an amended complaint solely on her own behalf; it advised her that Briana's estate could file an amended complaint only if it was represented by a lawyer. Id.

B.    The Amended Complaint (Dkt. No. 13)

The amended complaint that the court received on February 8, 2024 names only one plaintiff—Denise Fuller. Dkt. No. 13. It names Froedtert Hospital, Dr. J. Patel and Nurse Ashley as defendants. Id. at 1. The second amended complaint the court received a few days later names only Denise Fuller as the plaintiff but identifies Nurse Amanda Hanson as a defendant instead of Nurse Ashley. Dkt. No. 15. The plaintiff also added in the body of the second amended complaint statements and corrections to the allegations. Id. at 3–4. Someone hand-wrote at the top of the second amended complaint that it was "corrective" to "revise on nurse name." Dkt. No. 15 at 1.

Federal Rule of Civil Procedure 15(a) allows a party to amend a pleading one time "as a matter of course"—without having to ask the court's permission. To amend the complaint a second (or subsequent) time, the party must either obtain the consent of the other side or the court's permission. Although someone wrote at the top of the first page of the second amended complaint that the document was intended only to correct the name of one of the defendants, the second amended complaint contains different and additional allegations from those in the first amended complaint. Because the plaintiff did not ask for or obtain from the court permission to file a second amended complaint, the court will treat the first amended complaint (Dkt. No. 13) as the operative complaint.

The amended complaint alleges that from September 27, 2021 to October 3, 2021, the plaintiff's "18 U.S.C. §241 was violated" by defendant Dr. J. Patel

4

and two individuals identified as physician assistant Carissa and Dan (neither of whom are identified as defendants in the caption of the amended complaint). Dkt. No. 13 at 2. The plaintiff states that these individuals intimidated her to "do not resuscitate" her daughter Briana, for whom she was the legal guardian. Id. The plaintiff says that she "clearly stated Briana . . . be a full code," but that "they" marked her "do not resuscitate against" the plaintiff's wishes and without her permission. Id. She says that she was "told they Dr. J Patel could." Id. The plaintiff alleges that her civil rights were violated (she refers to "851.03" and "857.035"), as well as the Americans with Disabilities Act because between September 18, 2021 and October 2, 2021, Dr. J. Patel, physician's assistant Carissa and "Dan" at Froedtert denied her the right to visit or be a supportive person "per their visitor policy." Id.

The plaintiff alleges that "they" denied her requests for a "one on one" sign language interpreter for Briana. Id. at 3. She asserts that when she asked for an Ecmo machine, a Roto Prone bed and medicines, she was "denied by Dr J Patel." Id. The plaintiff alleges that she was told a heart doctor had examined Briana and pronounced her "fine," but that the heart doctor never came in the room or examined Briana. Id. The plaintiff contends that this happened because she and Briana were "Afro-American" and were disabled. Id. The plaintiff alleges that her rights were violated on September 7, 2021 "by not giving medicine for pneumonia 8/31/2021 or 9/7/2021 Froedtert Hospital New Berlin." Id. The plaintiff alleges that she was not given a course of medicine for her to give to Briana. Id. The plaintiff says that she ended up

5

taking Briana back to the hospital, where both of them were admitted, but that no one told her that Briana had pneumonia. Id. She says that she requested "not to fluid overload her." Id. The plaintiff says that on September 29, 2021, as Briana's legal guardian, she called the nurse twice to fix the dialysis machine because it was alarming for seventeen minutes, but that she was ignored; she says that "Defended Restarted the machine against nxstage advise;" she says that Briana had to get a "new access," that the plaintiff did not consent and that Brianna got a blood clot. Id.

The amended complaint asserts that the "Milwaukee county court" ruled that the plaintiff was a legal guardian, but that those rulings were violated by "not allowing [her] job to be p[er]formed." Id. at 4. She alleges that alleges that "they" "slander[ed]" her in "someone else's medical records" and defamed her character. Id. She says that "[t]hey even stated . . . that [the plaintiff] gave permission to someone to make medical decisions that legally [the plaintiff] did not have the power to do with out permission of the courts." Id. The plaintiff claims that her "civil rights, constitutional rights. Disability Act rights were violated."[1] Id.

_____

[1] Although the plaintiff did not ask the court's permission to file the second amended complaint, the court observes that it made no specific allegations against Nurse Amanda Hanson (whom the plaintiff substituted for the Nurse Ashley named in the caption of the amended complaint). The second amended complaint added that under 18 U.S.C. §241, "they" victimized the plaintiff when one or more personnel conspired to force her "to DNR" Briana and intimidated her every time she spoke with them. Dkt. No. 15 at 4. It added that the "Hospital" willfully deprived her of her "right or privilege to POA Briana as legal guardian." Id. (The court assumes that "POA" stands for power of attorney.) It added that the plaintiff had written to legislators and other government officials, as well as civil rights organizations, and that they told her

6

Case 2:23-cv-01307-PP   Filed 10/16/24   Page 6 of 14   Document 18

On the "jurisdiction" page of the amended complaint, the plaintiff marked both the box next to "I am suing for a violation of federal law under 28 U.S.C. § 1331" *and* the box next to "I am suing under state law" in diversity. Id. at 5. She did not state the amount in controversy. For relief, the plaintiff requests that Froedtert Hospital "stop discriminatory medical practices against adults with Down syndrome and of the minority race," as well as to "stop willfully depriving a person of a right or privilege that is protected by the constitution law of United State[s]." Id. at 5. She also asks that Froedtert train its staff quarterly on bedside manner, ethics and nondiscriminatory practices and "stop slander and defamation of character." Id. She says she would like the defendants to "focus on reducing the life expectancy gap." Id.

The plaintiff attached several documents to her amended complaint, including what appear to be Briana's medical records relating to the treatment discussed in the complaint, dkt. no. 13-1 at 1–26, and several screenshots of websites discussing the prevalence of racial discrimination in medical treatment, id. at 27–62.

## II.    Legal Standard

When screening a complaint, the court must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). The court

---

to get a lawyer. Id. Finally, the second amended complaint added that the plaintiff wanted the hospital to retrain staff, hold people accountable and obey the law. Id.

must liberally construe a document filed by a self-represented litigant. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). A complaint filed by a self-represented litigant, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id. However, the court is "not charged with seeking out legal 'issues lurking within the confines' of the [self-represented] litigant's pleadings, and the court's duties certainly do 'not extend so far as to require the court to bring to the attention of the pro se litigant or to decide the unraised issues.'" Kiebala v. Boris, 928 F.3d 680, 684-85 (7th Cir. 2019) (quoting Caruth v. Pinkney, 683 F.2d 1044, 1050 (7th Cir. 1982).

Even though courts must construe liberally pleadings and other documents filed by self-represented persons, those self-represented persons still must comply with Fed. R. Civ. P. 8(a)(2), which requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff does not need to plead every fact supporting her claims; she need only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). To state a claim against the defendants, the complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

8

Id. Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663-64.

The court also must determine whether it has subject-matter jurisdiction, because "[s]ubject-matter jurisdiction is the first issue in any case," Miller v. Southwest Airlines Co., 926 F.3d 898, 902 (7th Cir. 2019), and the court has "an independent obligation to determine that jurisdictional requirements are satisfied," Knopick v. Jayco, Inc., 895 F.3d 525, 528 (7th Cir. 2018). "[S]ubject matter jurisdiction is a fundamental limitation on the power of a federal court to act," Del Vecchio v. Conseco, Inc., 230 F.3d 974, 980 (7th Cir. 2000), that "cannot be waived, forfeited, or consented to by the parties," Fortier v. Terani Law Firm, 732 F. App'x 467, 468 (7th Cir. 2018). "Subject-matter jurisdiction is so central to the district court's power to issue any orders whatsoever that it may be inquired into at any time, with or without a motion, by any party or by the court itself." Craig v. Ontario Corp., 543 F.3d 872, 875 (7th Cir. 2008). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. Civ. R. 12(h)(3).

Federal courts have subject-matter jurisdiction in two primary types of cases: (1) cases alleging violations of federal laws or the federal Constitution ("federal question" jurisdiction under 28 U.S.C. §1331) and (2) cases between citizens of different states that involve an amount in controversy exceeding $75,000 ("diversity" jurisdiction under 28 U.S.C. §1332). When a plaintiff alleges violations of state statutory or common law in federal court, the federal court may hear and decide those state-law claims only if the plaintiff also has

9

alleged claims over which the federal court has diversity or federal question jurisdiction and the state-law claims are "so related" to the diversity or federal question claims that "they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367.

### III. Analysis

The court does not have diversity jurisdiction under 28 U.S.C. §1332. The amended complaint states that the plaintiff and all the defendants are citizens of the same state (Wisconsin). Dkt. No. 13 at 1–2. When the plaintiff and the defendants are from the same state, a federal court has subject-matter jurisdiction only if the complaint states a claim for a violation of federal law.

The amended complaint alleges that the defendants violated the plaintiff's civil rights, 18 U.S.C. §241 and the ADA, as well as slander and defamation. Although the plaintiff does not use these words, the allegations in the amended complaint suggest that she also may be trying to allege medical malpractice and negligence.

Several of these causes of action (medical malpractice, negligence, slander and defamation) are *state-law* claims, not federal causes of action. Schmidt v. Fuiks, 796 F. App'x 316, 317 (7th Cir. 2020) ("Here, the cores of [the plaintiff's] claims—alleging fraud, negligence, and medical malpractice—all arise under state, not federal law."); Wis. Stat. §655.007 ("[A]ny patient or the patient's representative having a claim or any spouse, parent, minor sibling or child of the patient having a derivative claim for injury or death on account of malpractice is subject to this chapter."); Johnson v. Cooper, Case No. 22-cv-

10

1057, 2022 WL 10075268, at *3 n.2 (E.D. Wis. Oct. 17, 2022) ("[S]tate law prohibits slander and defamation and people who want to sue for allegations of slander and defamation normally must bring those lawsuits in state court."). A *federal* court may hear and decide *state-law* claims only if the complaint states a claim for a violation of a *federal* law or the *federal* Constitution. That means that the allegations in the amended complaint must either state a claim for a violation of the plaintiff's civil rights under 42 U.S.C. §1983, a violation of 18 U.S.C. §241 or a violation of the Americans with Disabilities Act. They do not.

As the court explained to the plaintiff in its screening order, under 42 U.S.C. §1983, the plaintiff must allege that "(1) a person acting under color of state law (2) deprived [the plaintiff] of a right, privilege, or immunity secured by the Constitution or laws of the United States." London v. RBS Citizens, N.A., 600 F.3d 742, 745–46 (7th Cir. 2010). Private individuals—such as doctors or nurses at a private, non-profit hospital like Froedtert—"may not be sued for 'merely private conduct, no matter how discriminatory or wrongful.'" Id. at 746 (quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999)). Neither the original complaint nor the amended complaint (nor the second amended complaint, for that matter) allege facts to show that any *government* employees violated the plaintiff's civil rights. That means the amended complaint does not state a claim under §1983.

As the court also explained to the plaintiff in its screening order, 18 U.S.C. §241 is a federal *criminal* statute that prohibits two or more persons from conspiring to deprive someone of her civil rights. There is no *private* right

of action under 18 U.S.C. §241. Dkt. No. 12 at 7 (citing <u>Chi. Title & Land Trust Co. v. Rabin</u>, Case No. 11-cv-425, 2012 WL 266387, at *5 (N.D. Ill. Jan. 30, 2012)). In other words, *private citizens* cannot sue for violations of §241; only the government may bring criminal charges under that statute. The plaintiff cannot sue the defendants—or *anyone*—under §241.

The court explained to the plaintiff in the screening order that only injunctive relief was potentially available under the ADA, and that she had not alleged that Briana continued to be subject to ongoing discrimination. <u>Id.</u> at 8 (citing 42 U.S.C. §12188(a)(1); <u>Scherr v. Marriott Int'l, Inc.</u>, 703 F.3d 1069, 1076 (7th Cir. 2013)). The amended complaint does not allege that the defendants are continuing to subject the plaintiff to discrimination based on a disability, nor does it identify what the plaintiff's disability is. To the extent that the plaintiff is trying to state a claim for disability discrimination under the Rehabilitation Act, 29 U.S.C. §794, she again has not alleged how she is disabled, or that any of the defendants received federal funding (which is required under that statute)[2]. <u>Id.</u>

Conclusory statements that the defendants violated federal law or the plaintiff's constitutional rights are not sufficient to establish federal question jurisdiction. <u>Schmidt</u>, 796 F. App'x at 317 (affirming dismissal for lack of subject-matter jurisdiction where the complaint contained only bare assertions

---

[2] In addition to the deficiencies the court has described, the amended complaint does not allege that Nurse Ashley did or did not do anything to the plaintiff; the plaintiff does not mention Nurse Ashley in the body of the amended complaint. The same is true of the second amended complaint; it makes no allegations against Nurse Hanson.

that the defendant's medical malpractice violated the plaintiff's constitutional rights without any supporting facts). The allegations in the amended complaint show that the court does not have subject-matter jurisdiction of this case, because the amended complaint does not state a claim for a violation of a federal law or the federal Constitution.

The court has given the plaintiff one chance to amend her complaint to correct the deficiencies the court identified in the original complaint. The plaintiff has not done so. Even the second amended complaint does not correct those deficiencies. It appears to the court from reading the plaintiff's pleadings that she has suffered a traumatic event in the loss of her daughter. The court sympathizes with her for her loss. But if the plaintiff believes that the defendants committed malpractice in their care of Briana, or were negligent in that care, or that they slandered or defamed the plaintiff, she must bring those claims in *state* court. The court will not give the plaintiff the opportunity to file a third amended complaint, because it is certain that to do so would be futile.

The court will dismiss the amended complaint without prejudice. Del Vecchio, 230 F.3d at 980 (noting "that subject matter jurisdiction is a fundamental limitation on the power of a federal court to act" and that "[o]nce it appears, as it has here, that subject matter jurisdiction is lacking, only one path lies open to us"). Because the court is dismissing the case, it will deny as moot the defendant's motion to dismiss.

**IV.    Conclusion**

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. The clerk will enter judgment accordingly.

The court **DENIES AS MOOT** defendant Froedtert Hospital's motion to dismiss. Dkt. No. 16.

Dated in Milwaukee, Wisconsin this 16th day of October, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**
